J-A17004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF GRETCHEN VANTASSEL, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T. SCOTT SANDERS | : : : : : : : : | |
| | : | No. 80 EDA 2024 |

Appeal from the Order Entered December 14, 2023
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s): 0556-2023-O

BEFORE:  BOWES, J., NICHOLS, J., and SULLIVAN, J.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JULY 16, 2024**

T. Scott Sanders appeals from the December 14, 2023 order entered following argument concerning the extent to which representatives of the Estate of Gretchen Vantassel, deceased, ("the Estate") may access Appellant's residence to remove the decedent's property.  We vacate the order and remand for further proceedings.

Gretchen Vantassel died on May 6, 2023, intestate, while residing in Appellant's Chester County home, where she had lived for approximately seven years.  On August 30, 2023, the Estate filed a "Petition to compel Release of Estate Property" seeking to access Appellant's home to remove items that had belonged to the decedent.  During a hearing on October 16, 2023, the parties agreed that the Estate could access the property during the

week of November 14, 2023,[1] and the proceeding was continued until December 7, 2013, to be discontinued if the parties were able to resolve the matter amicably. However, following several days of removing items from Appellant's home, a dispute arose between the parties concerning the ownership of certain property and Appellant prohibited the Estate from removing anything else from the home.

When the hearing ultimately reconvened on December 13, 2023, the trial court heard the parties' respective arguments and without considering evidence regarding ownership of any disputed property, it found that Appellant violated the agreement and directed that Appellant permit the Estate access to his home between January 3, 2024 to January 17, 2024 from 9:00 am to 5:00 pm. This timely appeal followed.

Appellant complied with the order directing him to file a concise statement of matters complained of on appeal asserting, *inter alia*, that he disputed the Estate's ownership of the remaining items and in addressing the issues set forth therein, the trial court conceded, "It is apparent . . . that Appellant no longer wishes to honor the agreement between the parties . . . [and] respectfully, asks that this matter be remanded so that testimony can be taken in regards to the issues raised" in the Rule 1925(b) statement. **See** Trial Court Opinion, 3/4/24, at 4 (pagination provided). Insofar as the trial

_____

[1] The parties dispute the terms of the October 16, 2023 stipulation. While the court apparently memorialized the agreement in open court, the notes of testimony from that hearing are not included in the certified record.

court granted relief without addressing the parties' dispute over the ownership of the remaining property that the Estate seeks to remove from Appellant's home, we agree that an evidentiary record is required. Hence, we vacate the order and remand the matter for an evidentiary hearing to establish ownership of the disputed property.

Order vacated. Matter remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024